UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:                                                      )
                                                            )
                                                            )      CASE NO.:  26-56480-PMB
CHARMAYNE A D HUTCHINS,                                      )
                                                            )
                                                            )      CHAPTER 13
        DEBTOR.                                              )
                                                            )      JUDGE PAUL BAISIER
-----------------------------------------------------------  )
                                                            )
MELISSA J. DAVEY,                                            )
STANDING CHAPTER 13 TRUSTEE,                                 )
        Movant,                                              )
                                                            )
                                                            )
v.                                                          )      CONTESTED MATTER
                                                            )
                                                            )
CHARMAYNE A D HUTCHINS,                                      )
        Respondent.                                          )
                                                            )
-----------------------------------------------------------  )

**CHAPTER 13 TRUSTEE'S**
**OBJECTION TO CONFIRMATION & MOTION TO DISMISS**

Melissa J. Davey, Chapter 13 Trustee, objects to confirmation of the plan and moves to dismiss this case pursuant to 11 U.S.C. Section 1307(c) for the following reasons:

1.      The plan as proposed will extend beyond sixty (60) months, contrary to 11 U.S.C. Section 1322(d).

2.      The Debtor has failed to pay the Chapter 13 Plan payments to the Trustee as required by 11 U.S.C. Section 1326.

3.      The Debtor has failed to file an Employment Deduction Order.

4.      Pursuant to the Chapter 13 Plan, the Debtor has a $205.00 per month lease obligation with Rent-A-Center and a $170.00 per month lease obligation with Affirm. Prior to confirmation the Debtor should produce evidence that the payments to this creditor are current post petition. 11 U.S.C. Section 1326(a)(1)(B).

5.      In accordance with General Order Nos. 18-2015, 22-2017, and/or 42-2020 and the Statement of Rights and Responsibilities, the Debtor's attorney should timely provide proof of Debtor's $994.00 per month child support income to the Chapter 13 Trustee. 11 U.S.C. Sections 521(a)(1), 1325(a)(3), 1325(a)(6), 1325(b)(1)(B) and Bankruptcy Rule 1007.

6.      Debtor proposes to make monthly charitable contributions in the amount of $600.00. The Debtor should provide written evidence sufficient to establish a consistent pattern of contributing prior to the filing of the instant case. 11 U.S.C. Section 1325 (b)(2)(A).

7.      The Debtor has failed to provide the Trustee with a copy of the federal income tax return for the most recent tax year ending immediately before the commencement of the instant case in violation of 11 U.S.C. Section 521(e)(2)(A)(i). As the Debtor has failed to submit the last filed tax return to the Trustee prior to the meeting of creditors, the Trustee requires a sworn statement by the Debtor, in addition to the tax return, that the tax return provided is a true copy of the most recent tax return filed.

8.      Pursuant to testimony from the meeting of creditors, Debtor has a pending and/or anticipated personal injury lawsuit. The Chapter 13 Petition and schedules fail to fully disclose this lawsuit or claim in violation of 11 U.S.C. Section 521 and Bankruptcy Rule 1007(h).

9.      The Chapter 13 Plan fails to provide that Debtor may not settle their pending/anticipated lawsuit without first seeking approval of the Bankruptcy Court, and that all net proceeds from the Debtor's pending/anticipated lawsuit will be paid to the Trustee for distribution to allowed unsecured claims, as required by 11 U.S.C. Sections 1325(a)(3), 1325(a)(4), and 1325(b).

10.     The Chapter 13 petition and schedules fail to disclose Debtor's interest in back child support of $25,000.00 in violation of 11 U.S.C. Section 521.

11.     The Chapter 13 Plan appears to be infeasible because the monthly net income on Schedule J ($17.00) is less than the Chapter 13 Plan payment in the amount of $417.00. 11 U.S.C. Section 1325(a)(6).

12.     The proposed budget reflected in the Debtor's schedules appears to provide insufficient funds for ordinary living expenses and may indicate that the Plan is not feasible. 11 U.S.C. Section 1325(a)(6).

13.     The Chapter 13 Plan fails to specify an amount to be paid to the unsecured creditors in possible violation of 11 U.S.C. Section 1325(a)(3).

14.     The Chapter 13 Plan fails to provide treatment of the filed secured claims of Carmax and Farmer Furniture in violation of 11 U.S.C. Sections 1322(a)(2) or 1325(a)(5).

15.     Section 3.6 of the proposed Chapter 13 plan either (1) fails to provide an interest rate to be applied to any allowed secured claims not treated specifically under the plan, preventing the Trustee from properly administering the plan, or (2) improperly crams down the interest rate to less than the current national prime interest rate. 11 U.S.C. Section 1325(a)(5)(B). See *Till v. SCS Credit Corp.*, 541 U.S. 465 (2004).

16.     The proposed Chapter 13 Plan is substantially incomplete and fails to provide clear treatment for any creditor. The Chapter 13 Trustee is unable to evaluate whether the Plan complies with the requirements of the Bankruptcy Code, particularly the requirements set out in 11 U.S.C. Sections 1322 and 1325. Further, the Chapter 13 Trustee is unable to administer the proposed Plan.

17.     The Chapter 13 Plan fails to provide for the assumption and funding or rejection of executory contracts owed to Rent-A-Center and Affirm in violation of 11 U.S.C. Section 365(b)(1)(C).

18.     Pursuant to testimony from the meeting of creditors, Debtor is represented by Sparden Law in a pending/or anticipated non-bankruptcy litigation. The attorney must be approved as special counsel by the Bankruptcy Court in accordance with 11 U.S.C. Section 329 and Bankruptcy Rules 2016 and 2017.

Wherefore, the Trustee moves this Honorable Court to consider the above objections at the confirmation hearing, deny confirmation of the Chapter 13 plan, dismiss the case pursuant to 11 U.S.C. Section 1307(c), and for such other and further relief that this Court deems just and proper.

Dated: July 10, 2026

/s/Kelsey A. Makeever

Kelsey A. Makeever
Attorney for the Chapter 13 Trustee
GA Bar No. 371499
233 Peachtree Street, NE, Suite 2250
Atlanta, GA 30303
Telephone:   (678) 510-1444
Facsimile:(678) 510-1450
mail@13trusteeatlanta.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE: ) CASE NO.:  26-56480-PMB
)
CHARMAYNE A D HUTCHINS, ) CHAPTER 13
)
DEBTOR. ) JUDGE PAUL BAISIER
)

**CERTIFICATE OF SERVICE**

This is to certify that I have on this day electronically filed the foregoing Chapter 13 Trustee's  Objection to Confirmation & Motion to Dismiss using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

**Attorney for the Debtor(s):**
PRO SE

I further certify that on this day I caused a copy of this document to be served via first class mail, with adequate postage prepaid on the following parties set forth below at the address shown for each.

DEBTOR:
CHARMAYNE A D HUTCHINS
2090 HYDRANGEA LANE
AUSTELL, GA  30106
Dated: July 10, 2026

/s/Kelsey A. Makeever
Kelsey A. Makeever
Attorney for the Chapter 13 Trustee
GA Bar No. 371499
233 Peachtree Street, NE, Suite 2250
Atlanta, GA 30303
Telephone:   (678) 510-1444
Facsimile:(678) 510-1450
mail@13trusteeatlanta.com